*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

13400 MOUNT ELLIOTT, LLC,

Plaintiff-Appellant,

v

STATE TAX COMMISSION,

Defendant-Appellee.

FOR PUBLICATION
April 28, 2022
9:00 a.m.

No. 355110
Oakland Circuit Court
LC No. 2020-179737-AA

Before: GLEICHER, C.J., and K. F. KELLY and PATEL, JJ.

PER CURIAM.

The plant rehabilitation and industrial development districts act (PRIDDA), MCL 207.551 *et seq.*, authorizes local governments to establish districts and grant industrial facilities tax exemption certificates (IFEC). An IFEC, if approved by the State Tax Commission (STC), provides a significant tax advantage by essentially freezing the taxable value of the property for up to 12 years. Mount Elliott argues that the trial court erred in affirming the STC's use of the 2019 taxable value for the subject property's IFEC instead of the 2018 taxable value. Because we agree that the "tax year immediately preceding" the December 31, 2019 effective date of the IFEC was 2018, we reverse the trial court's decision.

## I. BACKGROUND

In 2018, Mount Elliott purchased property located at 13400 Mount Elliott Street, Detroit, Michigan to "transform [the property] from an obsolete, under-utilized structure into a state of the art [sic] World Class Steel Fabrication Center of Excellence." Mount Elliott then applied to the City of Detroit for the establishment of a "plant rehabilitation district" under PRIDDA.

After the City approved the plant rehabilitation district, Mount Elliott applied for an IFEC. Mount Elliott's IFEC application included the 2018 taxable value of the property. At some point

-1-

after submission, the 2018 taxable value was crossed out and replaced with the 2019 taxable value.[1] The IFEC application was approved by the City and the STC. The IFEC became effective on December 31, 2019 for a period of 12 years and was based on the property's 2019 taxable value.

Mount Elliott filed a petition in the circuit court arguing that MCL 207.564(1) required the STC to use the property's 2018 taxable value on the IFEC. The trial court upheld the STC's application of the 2019 taxable value, stating: "[T]he tax year immediately preceding the effective date of the [IFEC] is the tax year in which the certificate is issued." Mount Elliott sought leave to appeal to this Court, which we denied.[2] The Supreme Court remanded the matter as on leave granted.[3]

## II. STANDARD OF REVIEW

Under the Administrative Procedures Act, MCL 24.201 *et seq.*, the trial court "was required to set aside the STC's decision if, among other reasons, it was in violation of a statute or was affected by a substantial and material error of law." *Delta Business Ctr, LLC v Delta Charter Twp*, 328 Mich App 684, 689; 939 NW2d 460 (2019).

This matter involves the STC's interpretation of MCL 207.564(1). The agency's interpretation of the statute is a question of law that we review de novo. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 102; 754 NW2d 259 (2008).

## II. ANALYSIS

Mount Elliott argues that the trial court erred in concluding that 2019 was "the tax year immediately preceding the [December 31, 2019] effective date of the industrial facilities exemption certificate." We agree.

When a "plant rehabilitation district" or "industrial development district" is established under PRIDDA, the owner or lessee of a facility within the district may apply for an IFEC that exempts the property from ad valorem taxes. MCL 207.558. The IFEC application must be approved by the local governmental unit that established the district as well as the STC. MCL 207.556; MCL 207.557(1). The IFEC, if approved, is effective "the immediately succeeding December 31 following the date the certificate is issued." MCL 207.557(1). An industrial facility tax is then levied on the exempt facility, MCL 207.561, calculated as follows:

> The amount of the industrial facility tax, in each year for a replacement facility, shall be determined by multiplying the total mills levied as ad valorem taxes for

---

[1] The 2019 taxable value was modified several times after the IFEC was issued in December 2019. It was originally assessed at $1,257,300, but it was eventually modified to $689,260 pursuant to a Consent Judgment between Mount Elliott and the City of Detroit.

[2] *Mount Elliott, LLC v State Tax Comm*, unpublished order of the Court of Appeals, entered December 17, 2020 (Docket No. 355110).

[3] *13400 Mount Elliott, LLC*, 507 Mich 953; 959 NW2d 503 (2021).

that year by all taxing units within which the facility is situated by the taxable value of the real and personal property of the obsolete industrial property for the tax year immediately preceding the effective date of the industrial facilities exemption certificate after deducting the taxable value of the land and of the inventory . . . [MCL 207.564(1)]

An industrial facility tax is beneficial to facility owners and lessees because the amount of yearly taxes levied against a property is frozen for a period of up to 12 years. MCL 207.566(1). Like an algebra equation, the statute recites several variables that must be multiplied to calculate a facility's tax obligation under an IFEC: total mills, taxing units, and taxable value. MCL 207.564(1). At issue in this case is the third variable – taxable value. Mount Elliott argues that "the tax year immediately preceding" the December 31, 2019 effective date of the IFEC was 2018 and, thus, the 2018 taxable value should be used to calculate the industrial facility tax. The STC concluded, and the trial court agreed, that the 2019 taxable value should be used.

"The principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018). "Where the statutory language is unambiguous, the plain meaning reflects the Legislature's intent and the statute must be applied as written." *Honigman Miller Schwartz & Cohn LLP v City of Detroit,* 505 Mich 284, 294; 952 NW2d 358 (2020) (quotation marks and citations omitted). "Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there." *Farrington v Total Petroleum, Inc,* 442 Mich 201, 210; 501 NW2d 76 (1993). "An administrative agency's interpretation of a statute that it is obligated to execute is entitled to respectful consideration, but it cannot conflict with the plain meaning of the statute." *Honigman,* 505 Mich at 295. (quotation marks and citations omitted).

It is undisputed that the effective date of Mount Elliott's IFEC was December 31, 2019. It is further undisputed that a "tax year" runs from January 1 to December 31. The only remaining issue is to identify the tax year "immediately preceding" the December 31, 2019 effective date.

Rather than apply the plain meaning of the unambiguous statutory language, the STC and the trial court have read language into the statute that is simply not there. The STC maintains that the term "tax year" in MCL 207.564(1) actually means "tax day" when read in the context of PRIDDA and the General Property Tax Act (GPTA). Specifically, the STC and the trial court relied on MCL 211.2(2), which provides that the taxable status of a property "for a tax year shall be determined as of each December 31 of the immediately preceding year, which is considered the tax day[.]" The STC asserted that December 31, 2018 was "tax day" for "tax year" 2019 and December 31, 2019 was "tax day" for "tax year" 2020, so December 31, 2018 was the "tax year immediately preceding" the certificate's December 31, 2019 effective date. Using this same analysis, the trial court held, in pertinent part, as follows:

[T]he "tax day" referenced in MCL 211.2(2), is the same as the effective date for the certificate, and encompasses the following tax year.

* * *

Both the certificate's effective date and the yearly tax day apply to the following tax year. Therefore, the tax year immediately preceding the effective date of the certificate is the tax year in which the certificate is issued.

Mount Elliot, on the other hand, argues that the Legislature was well aware of the distinction between "tax year," "December 31," and "tax day" when it drafted MCL 207.564(1) and could have used "December 31" or "tax day" if that was what it meant instead of "tax year." We agree.

As reflected in the following examples (emphasis added), the Legislature has specified "December 31" as a triggering date in multiple sections of PRIDDA: MCL 207.557(1) (an IFEC's effective date "is the immediately succeeding *December 31*"); MCL 207.560(1) (the local assessor must determine the value and taxable value of each facility covered by an IFEC "annually as of *December 31*"); MCL 207.567(2) (the local assessor shall annually notify the necessary entities and the holder of an IFEC of the real and personal property assessments "based upon valuations as of the preceding *December 31*"). But the Legislature did not use "December 31" in MCL 207.564(1).

The Legislature used clear and unambiguous terms in other tax exemption statutes similar to PRIDDA when it intended to apply the taxable value from the preceding December 31 to calculate taxes. See e.g., MCL 125.2790(2) (the amount of the obsolete properties tax is determined, in part, by "[m]ultiplying the total mills levied as ad valorem taxes for that year by all taxing units within which the rehabilitated facility is located by the taxable value of the . . . property *on the December 31 immediately preceding the effective date* of the . . . exemption certificate . . .") (emphasis added); MCL 207.850(2) (the amount of the obsolete properties tax is determined, in part, by "[m]ultiplying the total mills levied as ad valorem taxes for that year by all taxing units within which the qualified facility is located by the taxable value of the . . . property *on the December 31 immediately preceding the effective date* of the . . . exemption certificate . . .") (emphasis added). However, the Legislature chose not to use "December 31" in MCL 207.564(1).

And when the Legislature intended "tax day" to be the triggering date, it has expressly stated so, as reflected in the following examples (emphasis added): MCL 211.34d(1)(b)(iii) (" 'new construction' means property not in existence on the immediately *preceding tax day* . . ."); MCL 211.34d(1)(b)(iv) (" 'previously exempt property' means property that was exempt from ad valorem taxation under this act on the immediately *preceding tax day* but is subject to ad valorem taxation on the *current tax day* . . ."). But the Legislature did not use "tax day" in MCL 207.564(1).

Additionally, the Legislature could have simply stated that the "current" tax year's taxable value should be used to calculate the industrial facilities tax if that is the value that it intended to be used. For example, section 154 of the GPTA confers administrative jurisdiction on the STC to correct property tax assessments, including properties with IFECs, that were "incorrectly reported or omitted for any previous year, but not to exceed the *current* assessment year and 2 years

*immediately preceding* the date the incorrect reporting or omission was discovered and disclosed to" the STC. MCL 211.154(1) (emphasis added).[4]

These examples illustrate the Legislature's consistent use of plain language to distinguish between a "current" tax year, "immediately preceding" tax year, "December 31" and "tax day." If the Legislature intended an industrial facility tax to be calculated by using the facility's taxable value for same tax year as the IFEC's effective date (i.e., current tax year), it would have stated "current" tax year as opposed to "tax year immediately preceding" the IFEC's effective date. See *Lickfeldt v Dep't of Corrections*, 247 Mich App 299, 306; 636 NW2d 272 (2001) ("We presume that the phraseological distinction reflects a legislative intent to treat these concepts differently."). It is clear that the "tax year immediately preceding" the December 31, 2019 effective date of the IFEC was January 1, 2018 to December 31, 2018 and not January 1, 2019 to December 31, 2019, which is the tax year that the IFEC was issued (i.e., "current tax year"). The trial court and the STC erroneously read language into MCL 207.564(1) that is not included in the statute.

### III. CONCLUSION

The language of MCL 207.564(1) is clear and unambiguous and, therefore, we must enforce it as written. The STC should have utilized the property's 2018 taxable value on the IFEC. The trial court erred in upholding the STC's application of the property's 2019 taxable value. For the reasons set forth above, we reverse.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Sima G. Patel

---

[4] Other similar corrective measures are included in the GPTA. See e.g., MCL 211.7cc(6) (local tax assessor may deny a claim for a principal residence exemption "for the *current* year and for the 3 *immediately preceding* calendar years" and amend the tax roll to reflect the denial); MCL 211.7hh(6) (erroneously granted tax exemptions for qualified start-up businesses should be corrected in the tax rolls "for the *current* tax year and the 3 *immediately preceding* tax years.").